United States District Court
Northern District of California

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>DANIEL ALEXANDER ELKINS,<br><br>    Defendant. | Case No.: CR 12-0605 YGR (KAW)<br><br>DETENTION ORDER |

## I. BACKGROUND

Defendant Daniel Alexander Elkins is charged in an indictment with being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g). On August 20, 2012, the Government moved for his detention pursuant to the Bail Reform Act, and asked for a hearing as permitted by 18 U.S.C. § 3142(f). Pretrial Services prepared a full bail study, which recommended that Defendant be detained.

The undersigned held a detention hearing on August 28, 2012. Assistant United States Attorney Brian Lewis appeared on behalf of the Government. Defendant was present and in custody, and represented by Assistant Federal Defender Joyce Leavitt. Pretrial Services Officer Carol Mendoza was present. For the reasons stated below, the Court orders that Defendant be detained.

## II. LEGAL ANALYSIS

The Bail Reform Act requires that in a pretrial posture, the government bears the burden of proving that a defendant poses a risk of flight and/or a danger to the community that cannot be mitigated through the imposition of conditions of release. If the government does not meet its burden, the court's duty is to fashion appropriate conditions that permit the defendant to remain out of custody during the preparation of his or her defense, while safeguarding against flight or

1

danger to the community. Close cases should result in release: "[t]o give effect to the principle that doubts regarding the propriety of release be resolved in favor of the defendant, the court is to rule against detention in close cases." *United States v. Chen*, 820 F. Supp. 1205, 1208 (N.D. Cal. 1992) (citing *United States v. Motamedi*, 767 F.2d 1403, 1405-06 (9th Cir. 1985)).

A person facing trial generally shall be released if some "condition, or combination of conditions . . . [can] reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(c)(1)(B). In non-capital cases, pretrial release should be denied "[o]nly in rare circumstances." *Motamedi,* 767 F.2d at 1405; *see also United States v. Salerno*, 481 U.S. 739, 755 (1987) (upholding constitutionality of Bail Reform Act; "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception"). Bail hearings generally proceed by proffer, and the rules of evidence do not apply. 18 U.S.C. § 3142(f). At the hearing, the court determines whether any conditions in section 3142(c) will reasonably assure the defendant's appearance and the safety of the community or another person. *Id.* The Bail Reform Act "mandates release of a person facing trial under the least restrictive condition or combination of conditions that will reasonably assure the appearance of the person as required." *Motamedi*, 767 F.2d at 1405.

In evaluating whether pretrial release is appropriate, a court must consider  (1) the nature and circumstances of the offense, (2) the weight of the evidence, (3) the history and characteristics of the person (including his character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug and alcohol abuse, criminal history, or record concerning appearance at court proceedings), and (4) the nature and seriousness of the danger to any person or the community posed by the person's release. 18 U.S.C. § 3142(g); *Motamedi*, 767 F.2d at 1407. The Ninth Circuit has held that the weight of the evidence should be treated as the least important factor. This guards against the possibility of making a "preliminary determination of guilt" that then leads to punishment in the form of a refusal to grant release. *Motamedi*, 767 F.2d at 1408. "The [] factor may be considered only in terms of the likelihood that the person will fail to appear or will pose a danger to any person or to the community." *Id.*

1   Defendant is charged with being a felon in possession of a firearm.  This charge gives rise
2   to a rebuttable presumption of detention.  *See* 18 U.S.C. § 3142(e)(2), (f)(1)(E).  The presumption
3   of detention shifts the burden of *production* to the defendant; the ultimate burden of persuasion
4   remains with the government.  *See United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008).

**A. The Nature and Circumstances of the Offense and Weight of the Evidence**

The indictment charges that Defendant knowingly possessed a semiautomatic pistol and ammunition.  According to Pretrial Services' report, Defendant was arrested by local authorities in May 2012 when he was "passed out" behind the wheel of his truck.  The firearm was found in his pocket, and he tested positive for methamphetamine.

Defendant was using methamphetamine while carrying a firearm, showing, at best, a lack of care for the safety of the community, at the time of his arrest.  The nature and circumstances of the offense weigh in favor of detention.  The weight of the evidence, although it is the least important factor in the Court's analysis, weighs in favor of detention.  *See Motamedi*, 767 F.2d at 1408.

**B. The History and Characteristics of the Defendant and the Nature and Seriousness of the Danger to Any Person or the Community**

Defendant is 32 years old.  Before his arrest, he was living in Martinez with his wife, Tahnee Guiterrez, their child, and Ms. Guiterrez's child from a previous relationship.  He has lived in the Concord/ Martinez area for most of his life.  Defendant's family members in the area include his mother in Placerville, with whom he has regular contact, his sister in Martinez, with whom he has regular contact, and his brother in Pleasant Hill, whom he last had contact with in December 2011.

Defendant attended high school in Martinez, but did not graduate.  He has been unemployed for the past two years.  Previously, he worked at A&J Landscaping for eight months, several different refineries for 18 months; Capital Builders for two years; Bay City Movers for three years; and two fast food restaurants for 18 months.

Defendant did not report any mental or physical health problems. However, his mother stated that she believes that Defendant may have bipolar disorder and believes that he needs to be tested.

Defendant stated that he has used methamphetamine daily since he was 15 years old, and that he last used it in July 2012. He stated that he currently drinks alcohol two times a week. He previously used marijuana and cocaine when he was a teenager and in his early twenties. Defendant's wife stated that she believed that Defendant had been sober for the past year. Defendant stated that he had attended a court-ordered inpatient substance abuse program in Martinez in 2006, but he absconded from the program after one week. He stated that he is only interested in outpatient drug treatment.

Defendant's mother was not willing to act as a surety, stating that she did not want to "take the chance of losing" her money. Defendant's wife, who is employed full time as a Contracts Administrator at Shell Refinery for the last four years and earns $3,800 monthly, was willing to sign an unsecured bond and have Defendant reside with her on release.

Pretrial Services did not receive complete criminal records from Contra Costa, Solano, and Yolo County, but the records they did receive show the following criminal history. Defendant has been convicted of one felony for receiving known stolen property in 2008. Since 1998, he has been convicted of misdemeanors for petty theft, being under the influence of a controlled substance, carrying a concealed weapon, "unregistered person manufacture/ etc prescription," possession of a controlled substance, taking a vehicle without the owner's consent, and assault with a deadly weapon not a firearm with great bodily injury likely, when he stabbed someone in the chest. He has multiple failures to appear and probation violations. According to police reports, in June of this year, Defendant was involved in a bar fight and punched a victim in the face, and then hit the bar owner and the bouncer.

According to Martinez detention facility classifications, Defendant is a member of the Family Affiliated Irish Mafia, a white supremacy gang.

Although Defendant has strong ties to the community and family in the area, his methamphetamine and alcohol use, current unemployment, prior failures to appear, and probation

4

violations show that he is a risk of flight. Defendant's methamphetamine use, coupled with his violent episodes, firearm and ammunition possession, and gang affiliation, show that he is a danger to the community.

Defendant stated that he only wished to participate in an out-patient drug treatment program, although he absconded from his last inpatient drug treatment program. In addition, his only potential surety, his wife, stated that Defendant was sober for the last year, when Defendant stated that he had used methamphetamine on a daily basis for the past seventeen years. This shows that her decision to be a surety was uninformed, or she is in denial. The Court finds that the risk of flight and danger to the community is not mitigable.

In light of the above evidence, the Court finds that Defendant has failed to rebut the presumption of detention. The Court finds by a preponderance of the evidence that Defendant is a risk of flight, and by clear and convincing evidence that Defendant is a danger to the community, and that no condition or combination of conditions in 18 U.S.C. § 3142(c) will reasonably assure his appearance or the safety of the community. 18 U.S.C. § 3142(e) and (f); *Motamedi*, 767 F.2d at 1406. Accordingly, Defendant shall be detained.

### III. CONCLUSION

For the reasons set forth above, Defendant shall remain committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded reasonable opportunity for private consultation with counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which Defendant is confined shall deliver Defendant to a United States marshal for the purpose of an appearance in connection with a court proceeding.

IT IS SO ORDERED.

DATED: August 30, 2012

*Kandis Westmore*
KANDIS A. WESTMORE
United States Magistrate Judge

5